1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  BRUCE JUSTICE<br>Inmate No. 21133981,<br>13<br>14                                              Plaintiff,<br>15  v.<br>16  UNNAMED DEPUTY SERGEANT;<br>UNNAMED NURSE; GEORGE BAILEY<br>17  FACILITY,<br>18                                          Defendants.<br>19<br>20<br>21<br>22<br>23 | Case No.:  21-cv-2066-MMA (WVG)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL;**<br><br>[Doc. No. 3]<br><br>**AND (3) SUA SPONTE DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

24

25        Bruce Justice ("Plaintiff"), currently detained at the George Bailey Detention

26  Facility ("GBDF") in San Diego, California, has filed a civil rights complaint pursuant to

27  42 U.S.C. § 1983.  Doc. No. 1 at 4–5.  Plaintiff did not pay the filing fee required by 28

28  U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has

filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel.  Doc. Nos. 2, 3.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S.  82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C.

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 2020).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

§ 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his San Diego County Sheriff's Department prison certificate. Doc. No. 2 at 6; 28 U.S.C. § 1915(a)(2); CivLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows that Plaintiff carried an average monthly balance of $61.73 but had $0.00 in average monthly deposits to his trust account for the six months immediately preceding filing the Complaint, and that Plaintiff had an available balance of $185.18 at the time of filing. Doc. No. 2 at 6.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses an initial partial filing fee of $12.35 pursuant to 28 U.S.C. Section 1915(b)(1)(A). The Court directs the Watch Commander for GBDF, or their designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Court further directs the Watch Commander for GBDF, or their designee, to collect the remaining balance of the filing fees required by 28 U.S.C. Section 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

## II. MOTION TO APPOINT COUNSEL

Plaintiff also requests appointment of counsel due to his unspecified "mental health issues" and his housing unit is on "Covid 19 lockdown." Doc. No. 3 at 1. All documents filed pro se are liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106). There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under

28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's Complaint demonstrates that while not formally trained in law, he is fully capable of legibly articulating the facts and circumstances relevant to his claims and has yet to show he is likely to succeed on the merits of his claims. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice.

## III. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A.    Standard of Review

Nevertheless, because he is proceeding IFP, Plaintiff's Complaint *is* still subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**B.  Plaintiff's Allegations**

Plaintiff's factual allegations are far from clear but he appears to name an "Unnamed" Deputy Sergeant, an "Unnamed Sheriff Nurse," and an "Unnamed County Jail Nurse" as Defendants. Doc. No. 1 at 2.

On November 5, 2021, Plaintiff filed a grievance "against the Psych-Medical staff at GBDF because he was "trying to be seen by the Psych Doctor for an increase of [his] psych-meds." *Id.* at 3. On the morning of November 6, 2021, two "Unnamed Deputies" came to Plaintiff's cell "by the order of an Unnamed Sergeant" and "took [him] to medical." *Id.* Plaintiff was "seen by two Unnamed Nurses." *Id.* He informed them that he was "not going to hurt anybody or [himself]." *Id.* "The next thing [he] knew, [he] was stripped naked and put in a cold isolation cell in a green suicide suit." *Id.* Plaintiff alleges that he "froze all night" and "woke up with a cold." *Id.* Plaintiff claims he was "afraid of getting Covid." *Id.* After "all this, the Doctor still did not increase [his] meds." *Id.*

**C.  42 U.S.C. § 1983**

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe*

1  *v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

2  **D.     Discussion**

3        "Inmates who sue prison officials for injuries suffered while in custody may do so

4  under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet

5  convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of*

6  *Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016).  Under either Amendment,

7  Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate

8  indifference" in order to state a plausible claim for relief.  *Id*. at 1068; *Iqbal*, 556 U.S. at

9  678; *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  While Plaintiff

10  invokes both the Eighth and Fourteenth Amendment, it is unclear whether he was a

11  pretrial detainee or a convicted prisoner at the time he claims to have been denied

12  medical care.  Therefore, the Court will analyze his claim under both Eighth and

13  Fourteenth Amendment standards.

14        First, where a prisoner's constitutional claim is one for inadequate medical care,

15  under the Eighth Amendment, he must allege "acts or omissions sufficiently harmful to

16  evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S.

17  97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  The plaintiff must

18  first establish a "serious medical need by demonstrating that [the] failure to treat [his]

19  condition could result in further significant injury or the unnecessary and wanton

20  infliction of pain." *Jett*, 439 F.3d at 1096 (citation omitted).  A medical need is serious

21  "if the failure to treat the prisoner's condition could result in further significant injury or

22  the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050,

23  1059 (9th Cir. 1991) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by*

24  *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

25        Next, Plaintiff must show that the defendant's response to his objectively serious

26  medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096.  To establish deliberate

27  indifference, a prisoner must allege facts to show: (1) a purposeful act or failure to

28  respond to the prisoner's pain or possible medical need; and (2) harm caused by the

indifference. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 828, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, Plaintiff alleges that he needed an increase in his medication. The only allegation he has with respect to the unnamed Deputy Sheriffs is that they escorted him to "medical," but he does not allege that they had any role in his medical treatment. As for the unnamed Nurses, he claims they put him in a cold "isolation" cell overnight. Doc. No. 1 at 3. Plaintiff also alleges that he needed an increase in his psychiatric medication but he does not allege how any of the named Defendants would play a role in prescribing him additional medication. *See id.* Without more, he fails to allege facts sufficient to meet the Eighth Amendment's objective requirements. *See Jett*, 439 F.3d at 1096 (a medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain). Plaintiff does not allege any facts to show that these unnamed Sheriff Deputies or unnamed Nurses "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." *Farmer*, 511 U.S. at 837; *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Therefore, the Complaint as currently alleged lacks the "further factual enhancement" required to plausibly show that the unnamed Sheriff Deputies or unnamed Nurses "purposeful act[s] or failure[s] to respond to [Plaintiff's] . . . medical need," or any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Instead, Plaintiff offers only the type of "labels and

conclusions" or "a formulaic recitation of the elements of a[n] [Eighth Amendment] cause of action [that] will not do." *Iqbal*, 662 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To the extent Plaintiff's medical care claims may instead arise under the Fourteenth Amendment's Due Process Clause, they "must be evaluated under an objective deliberate indifference standard." *Gordon*, 888 F.3d at 1125 (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). Under this test, "the plaintiff must 'prove more than negligence but less than subjective intent - something akin to reckless disregard.'" *Id.* To sustain such a claim, Plaintiff must allege facts sufficient to show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125.

Plaintiff claims that unnamed Nurses placed him in a cold "isolation" cell overnight and he was concerned that he would "get Covid." Doc. No. 1 at 3. Plaintiff does not allege that he actually contracted Covid or any other serious illness. These facts alone are insufficient to plausibly suggest he faced any "substantial risk of serious harm," that "a reasonable officer in the circumstances would have appreciated the high degree of risk involved," or that the unnamed Nurses' failure to abate any "substantial risk" caused him any injury whatsoever. *Castro*, 833 F.3d at 1071.

For all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126–27.

## V. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiff's Motion to Appoint Counsel and **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

The Court **DIRECTS** the Watch Commander of GBDF, or their designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California, 92158.

The Court further **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

* * *

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court **DIRECTS** the Clerk of Court to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated:  January 25, 2022

HON. MICHAEL M. ANELLO
United States District Judge